```
              IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )   CR. NO. 18-00055 HG-01
                             )
          Plaintiff,         )
                             )
     vs.                     )
                             )
DOUGLAS S.K. FARRAR, JR.,    )
                             )
          Defendant.         )
                             )
_____)
```

**ORDER NUMBER ONE ON GOVERNMENT'S PRETRIAL MOTIONS**

Defendant Douglas S.K. Farrar, Jr. is charged in the Indictment (ECF No. 1), filed April 19, 2018, with one count, as follows:

> Beginning at a date unknown to the grand jury, but not later than May, 2013, and continuing up to and including July 22, 2014, in the District of Hawaii and elsewhere, Defendant DOUGLAS S.K. FARRAR, JR. did knowingly and intentionally combine, conspire, confederate and agree with Douglas S. Farrar, Sr. and Stephen Shigemoto, both charged elsewhere, and others known and unknown to the grand jury,
>
> to distribute and possess, with intent to distribute, fifty (50) grams or more, to wit: approximately 14,404 grams, of methamphetamine, its salts, isomers, and salts of its isomers;
>
> and
>
> five hundred (500) grams or more, to wit: approximately 3,998 grams, of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers,
>
> in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B).

1

The Government has filed a number of Motions seeking pre-trial rulings including Government's Motions in Limine (ECF No. 29), which requests, in part, that the Court issue pretrial rulings on the Defendant's claims regarding alleged improper prosecution and alleged pre-indictment delay.

Defense Counsel argues that "the fact that law enforcement and the Government chose not to indict Defendant Farrar Jr. until years had passed, and only did so on the eve of Douglas Farrar Sr.'s trial, is relevant as it reflects law enforcement's assessment of the veracity of what Stephen Shigemoto told them about Defendant Farrar Jr. and the strength of the case against him." (Def.'s Response at p. 3, ECF No. 31).

Defense Counsel seeks to make arguments at trial regarding the Government's decision-making with respect to the prosecution of this case and the timing of the Indictment against the Defendant Farrar, Jr.

The Government's MOTION IN LIMINE (ECF No. 29) is **GRANTED AS TO ARGUMENTS ABOUT ALLEGED IMPROPER PROSECUTION AND PRE-INDICTMENT DELAY**.

### I. Defense Counsel May Not Make Statements Or Arguments To The Jury About The Prosecution's Discretionary Decisions, Any Alleged Improper Prosecution Or Pre-Indictment Delay

Defense Counsel states that he wishes to make statements and arguments about the prosecution's delay in filing the Indictment in this case. He also seeks to raise issues with respect to the

2

prosecution's decisions regarding when to indict the Defendant in the charged conspiracy. Such arguments are improper at trial and may not be made before the jury.

The Attorney General and the United States Attorneys retain "broad discretion" to enforce the Nation's criminal laws. Wayte v. United States, 470 U.S. 598, 607 (1985).

> As a result, the presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties. In the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.

United States v. Armstrong, 517 U.S. 456, 464 (1996) (internal quotations and citation omitted).

A prosecutor's discretion is subject to constitutional constraints that may be challenged in a motion to the Court before trial. Id. The burden to establish a constitutional error in the Government's institution of prosecution is demanding and requires a criminal defendant to present clear and convincing evidence. Id.

The United States Supreme Court has explained that challenges to alleged improper conduct by the Government in instituting a prosecution are "not a defense on the merits of the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." Armstrong, 517 U.S. at 463. As the challenges

3

are "not a defense on the merits of the criminal charge itself," the challenges may not be raised to the jury.

Challenges to the Government's institution of prosecution ask a court to exercise judicial power over the "special province" of the Executive Branch. Id. at 464. Such challenges are subject to a high burden of proof, because questions concerning the strength of the Government's case, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are generally subject to judicial deference. Id. at 465. These constitutional challenges must be decided by the Court before trial, not the jury. See United States v. Mausali, 590 F.3d 1077, 1080 (9th Cir. 2010) (explaining that defects in the institution of the prosecution itself are questions of law for the court that are to be decided before the trial).

The Sixth Circuit Court of Appeals examined the issue in United States v. Abboud, 438 F.3d 554, 580 (6th Cir. 2006). In Abboud, the district court granted the Government's motion in limine that prevented the defense from presenting evidence of selective prosecution. The appellate court found that the district court properly excluded such evidence and argument from trial, because "the defense of selective prosecution is a matter that is independent of a defendant's guilty or innocence, so it is not a matter for the jury." Id. at 579. The Sixth Circuit Court of Appeals relied on the decision from the Third Circuit

4

Court of Appeals that ruled,

> By both tradition and constitutional mandate the jury is given the responsibility of determining guilt or innocence according to instructions of law delivered by the court. The question of discriminatory prosecution relates not to the guilt or innocence of appellants, but rather addresses itself to a constitutional defect in the institution of the prosecution.

<u>United States v. Berrigan</u>, 482 F.2d 171, 175 (3rd Cir. 1973).

Federal Rule of Criminal Procedure 12(b)(3) sets forth motions that must be made before trial. The Rule provides the following must be raised in a pretrial motion for the Court to evaluate:

> (A) a defect in instituting the prosecution, including:
>  (i) improper venue;
>  (ii) preindictment delay;
>  (iii) a violation of the constitutional right to a speedy trial;
>  (iv) selective or vindictive prosecution; and
>  (v) an error in the grand-jury proceeding or preliminary hearing;
> (B) a defect in the indictment or information, including:
>  (i) joining two or more offense in the same count (duplicity);
>  (ii) charging the same offense in more than one count (multiplicity);
>  (iii) lack of specificity;
>  (iv) improper joinder; and
>  (v) failure to state an offense;
> (C) suppression of evidence;
> (D) severance of charges or defendants under Rule 14; and
> (E) discovery under Rule 16.

Fed. R. Crim. P. 12(b).

Defense counsel are precluded from raising defects in the prosecution and pre-indictment delays to the jury, because such

5

issues are legal matters for the Court, not theories of defense at trial.  United States v. Wylie, 625 F.2d 1371, 1379 (9th Cir. 1980) (finding issue of "outrageous involvement by the government agents" is a question of law for the court and not a matter for the jury); United States v. Washington, 705 F.2d 489, 495 (D.C. Cir. 1983) (per curiam) (finding issues subject to Fed. R. Crim. P. 12 are matters for the Court, not the jury); United States v. Safavian, 2008 WL 5255534, *1 (D. D.C. Dec. 12, 2008) (granting the Government's motion in limine to preclude the defense from raising issues of vindictive or selective prosecution as a defense to the jury).

Defense Counsel may not raise issues concerning the Government's decision to prosecute the Defendant and the timing of the Indictment as they are entirely independent of the ultimate issue of whether the defendant actually committed the crime for which he was charged.  United States v. Clay, 618 F.3d 946, 956 (8th Cir. 2010) (finding issues including selective prosecution of a criminal defendant are not issues for the jury to decide); United States v. Avery, 2011 WL 13136810, *2-*3 (C.D. Cal. Dec. 15, 2011) (granting the government's motion in limine to prevent the defense from raising selective prosecution and pre-indictment delay before the jury).

**Defense Counsel may not make statements or arguments before the jury about the Government's discretionary decisions including the prosecution of Defendant Farrar, Jr. and the timing of the**

**Indictment. Defense Counsel is also precluded from making statements and arguments before the jury about any alleged improper prosecution by the Government or alleged improper pre-Indictment delay.**

## II. Defense Counsel May Not Cross-Examine Government Witnesses About The Prosecution's Discretionary Decisions, Any Alleged Improper Prosecution, Or Pre-Indictment Delays

Defense Counsel seeks to cross-examine both Stephen Shigemoto and Government agents regarding the Government's delays in filing the Indictment and the Government's decision to prosecute Defendant Farrar, Jr.

Cross-examination is an integral part of the adversarial system and defense counsel may cross-examine the Government's witnesses. Defense Counsel may properly challenge the reliability of the witnesses. Delaware v. Van Arsdall, 475 U.S. 673, 680 (1986). Defense Counsel may cross-examine Stephen Shigemoto about his cooperation with Government agents including the timing of when he provided information to the Government about Defendant Farrar, Jr.

Defense Counsel may not "conflate the concepts of witness bias and selective prosecution." Abboud, 438 F.3d at 580. Defense Counsel is precluded from cross-examining Mr. Shigemoto or any other witness about decisions that are matters of prosecutorial discretion or are matters that are required to be raised to the Court pursuant to Fed. R. Crim. P. 12 and not to

the jury.

Defense Counsel may not inquire into decisions that are a matter of prosecutorial discretion or challenges to the Government's institution of prosecution. Abboud, 438 F.3d at 580.

Charging decisions are the prerogative of the prosecutor and neither Mr. Shigemoto nor the Government agents can testify as to the Government's trial decisions or strategies. United States v. Fieger, 2008 WL 996401, *1-*3 (E.D. Mich. Apr. 8, 2008) (granting the Government's Motion in Limine to preclude the Defendant from raising evidence or argument concerning improper prosecution at trial, including cross-examination of Government agents about matters of prosecutorial discretion); see United States v. Alfaro, 465 Fed. Appx. 733, 734 (9th Cir. 2012) (finding the court generally cannot get involved in the charging decisions of the prosecutor).

Separation of powers concerns prohibit the Court from reviewing a prosecutor's charging decisions, including where and when to charge a defendant, absent a prima facie showing that the decisions rested on an impermissible basis. United States v. Palmer, 3 F.3d 300, 305 (9th Cir. 1993); United States v. Hall, 559 F.2d 1160, 1163-64 (9th Cir. 1977).

Defendant is required to raise any alleged impermissible prosecution to the District Court before trial pursuant to Fed. R. Crim. 12(b) and may not make the arguments before the jury.

Mausali, 590 F.3d at 1080 (defects in the institution of the prosecution itself are questions of law for the court that are to be decided before the trial); United States v. Moody, 778 F.2d 1380, 1385-86 (9th Cir. 1985) (explaining the decision of the prosecutor to offer a plea bargain to a co-conspirator is a matter of prosecutorial discretion and may not be challenged absent a constitutional error raised to the Court).

**Defense Counsel may not cross-examine Mr. Shigemoto or any Government agents about the Government's discretionary decisions in prosecuting the case. Defense Counsel is also precluded from cross-examining the Government's witnesses about other discretionary decisions of the Government and any alleged improper prosecution or alleged pre-Indictment delay in bringing charges against Defendant Farrar, Jr.**

### III. Counsel Are Precluded From Making Statements Or Arguments Concerning Their Own Personal Opinions Or What They Believe To Be Opposing Counsel's Opinions Of The Evidence

Counsel may not make statements or arguments about their own personal opinions or the opposing side's purported opinion of the strength or weakness of the evidence before the jury.

In United States v. Young, 470 U.S. 1, 9 (1985), the United States Supreme Court explained that counsel for both the prosecution and the defense must refrain from interjecting personal beliefs into the presentation of the case.

In Young, the defense counsel in closing arguments stated

9

that he believed the case had been "presented unfairly by the prosecution." He argued that the prosecution itself did not find the evidence credible, stating "I submit to you that there's not a person in this courtroom including those sitting [at the prosecution table] who think that [defendant] intended to defraud [the victim]." Id. at 4-5. The prosecution made statements about his own personal beliefs following the defense counsel's statements at closing.

The Supreme Court held that defense counsel in his closing argument improperly impugned the prosecutor's integrity and improperly argued that the prosecutor did not believe in the Government's case.

"[A] lawyer's assertion of personal opinion during trial is an example of improper advocacy." United States v. Swafford, 766 F.2d 426, 428 (10th Cir. 1985). "It is the jurors' responsibility to determine credibility by assessing the witnesses and witness testimony in light of their own experience." United States v. Sanchez-Lima, 161 F.3d 545, 548 (9th Cir. 1998). Counsel may not vouch for witnesses or attempt to bolster their credibility based on inadmissible evidence or argument. Id.; United States v. Kerr, 981 F.2d 1050, 1053 (9th Cir. 1992).

Counsel are prohibited from vouching and improper bolstering, and they must refrain from making statements and arguments about each side's personal opinions about the evidence in the case. United States v. Wilkes, 662 F.3d 524, 539-40 (9th

Cir. 2011).

**Counsel may not engage in improper vouching or bolstering and are precluded from making statements or arguments concerning their own personal opinions or what they believe to be Opposing Counsel's opinions of the evidence.**

## CONCLUSION

The Government's MOTION IN LIMINE (ECF No. 29) is **GRANTED AS TO ARGUMENTS ABOUT ALLEGED IMPROPER PROSECUTION AND PRE-INDICTMENT DELAY.**

> **Defense counsel may not make statements or arguments before the jury about the Government's discretionary decisions, including the prosecution of Defendant Farrar, Jr. and the timing of the Indictment. Defense counsel is also precluded from making statements and arguments before the jury about any alleged improper prosecution by the Government or improper pre-Indictment delay.**
>
> **Defense Counsel may not cross-examine Mr. Shigemoto or any Government agents about the Government's discretionary decisions in prosecuting the case. Defense Counsel is also precluded from cross-examining the Government's witnesses about other discretionary decisions of the Government and any alleged improper prosecution or pre-Indictment delay in bringing charges against Defendant Farrar, Jr.**
>
> **Counsel may not engage in improper vouching or bolstering and are precluded from making statements or arguments concerning their own personal opinions or what they believe to be Opposing Counsel's opinions of the evidence.**

IT IS SO ORDERED.

Dated: September 25, 2018, Honolulu, Hawaii.



/s/ Helen Gillmor
Helen Gillmor
United States District Judge