IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 18-00055 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS S.K. FARRAR, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING THE GOVERNMENT'S MOTION TO EXCLUDE CROSS-EXAMINATION REGARDING POTENTIAL SENTENCE ORIGINALLY FACED BY COOPERATOR (ECF No. 57)**

On October 2, 2018, the Government filed GOVERNMENT'S MOTION TO EXCLUDE CROSS EXAMINATION REGARDING POTENTIAL SENTENCE ORIGINALLY FACED BY COOPERATOR. (ECF No. 57). The Government seeks to limit Defendant's cross-examination of the Government's cooperating witness Stephen Shigemoto regarding the potential sentence, including any mandatory minimum that he faced before he pled guilty and was sentenced for his drug trafficking crimes. Defendant was sentenced to a term of imprisonment of 135 months.

The Defendant did not file a written response. At a hearing on October 3, 2018, Defendant opposed the Government's Motion.

The Government's Motion (ECF No. 57) is **GRANTED**.

**ANALYSIS**

Trial courts may limit cross-examination of Government witness where the inquiry:

(1)  is of little relevance;

(2)  may mislead the jury or cause confusion;

(3)  is outweighed by other legitimate interests; and,

(4)  is not necessary for the jury to properly assess the credibility of the witness.

Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986); United States v. Sua, 307 F.3d 1150, 1153 (9th Cir. 2002).

"Trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits" on cross-examination of witnesses.  United States v. Larson, 495 F.3d 1094, 1102 (9th Cir. 2007) (en banc).  Limits may be placed on "cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."  Van Arsdall, 475 U.S. at 679.

The United States Supreme Court has explained that "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense may wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (per curiam).

2

1.  **Relevancy: The Mandatory Minimum Mr. Shigemoto May Have Faced Is Not Relevant Given That He Was Already Sentenced To 135 Months Imprisonment**

Defendant is limited in inquiring into the potential sentence that Mr. Shigemoto may have faced before he was sentenced in July 2015. Any potential sentence Mr. Shigemoto might have received is irrelevant. The fact that Mr. Shigemoto was sentenced to 135 months imprisonment and may receive a reduction in sentence based on his cooperation with the Government is the relevant inquiry for Defendant's cross-examination.

The Ninth Circuit Court of Appeals addressed the issue of limitations on the cross-examination of a cooperating witness in United States v. Larson, 495 F.3d 1094, 1103 (9th Cir. 2007) (en banc). In Larson, the Ninth Circuit Court of Appeals found that the district court properly limited defense counsel's cross-examination of one of the cooperating witnesses. Id. The appellate court explained that defense counsel was able to adequately explore the cooperating witness's motivation to lie. Id. Further inquiry regarding the witness's potential sentence was irrelevant. Id.

During trial, defense counsel attempted to cross-examine a cooperating witness about the mandatory minimum sentence she faced in the absence of cooperation with the Government. Id.

Upon review by the Ninth Circuit Court of Appeals, the

3

appellate court found that the defendant's Confrontation Clause rights were not violated. The appeals court explained that the cooperating witness testified that she had pleaded guilty and agreed to cooperate with the Government in exchange for a motion to reduce her sentence. Id. The cooperating witness acknowledged that only the Government had the authority to make such a motion, and she acknowledged that she faced at least five years in prison. Id.

Here, Defendant has not established any probative value for informing the jury that Defendant's co-conspirator, Mr. Shigemoto, may have faced a mandatory minimum sentence, because Mr. Shigemoto has already been sentenced. He received a term of imprisonment of 135 months. While Defendant may inquire if Mr. Shigemoto faced a substantial sentence, Defendant has not established the relevance of an inquiry with Mr. Shigemoto about any mandatory minimum sentences he could have received.

### 2. **Juror Confusion**

The court may exclude evidence if its probative value is substantially outweighed by a danger of juror confusion. Fed. R. Evid. 403.

Evidence about Mr. Shigemoto's potential sentence including any mandatory minimum he was facing before he was sentenced in July 2015 is outweighed by the legitimate interests of juror

4

confusion and misleading the jury.

Mr. Shigemoto first told the Government about the Defendant's involvement in the drug conspiracy within days after his arrest. Any argument that Mr. Shigemoto knew he was facing a mandatory minimum but still did not tell the agents about the Defendant until after he was actually sentenced and realized how long his sentence would be would have no basis in fact and would unduly confuse the jury. United States v. Rivera-Rodriguez, 617 F.3d 581, 592-93 (1st Cir. 2010) (excluding cross-examination about a cooperating witness' inability to receive a sentence reduction due to juror confusion); United States v. Sua, 307 F.3d 1150, 1153 (9th Cir. 2002) (excluding evidence of a cooperating witness' plea agreement that was offered to establish the government's belief in the defendant's innocence, finding the legitimate interest against confusing the jury outweighed the defendant's interest in presenting the marginally relevant evidence.)

Mr. Shigemoto did not start cooperating with the Government and agree to testify against the Defendant until *after* he had already been sentenced. Mr. Shigemoto's hope of a reduction in his sentence goes only to the 135-month sentence he actually received. Whatever sentence Mr. Shigemoto was facing before his cooperation began is irrelevant and confusing.

### 3. **Other Legitimate Interests**: Inappropriate Influence Over The Jury's Deliberations

The Ninth Circuit Court of Appeals has explained that there is a risk that a jury could infer the potential sentence faced by a defendant from the admission of testimony regarding a cooperating witness' mandatory minimum sentence, and that such information could have some inappropriate influence on the jury's deliberative process. Larson, 495 F.3d at 1105 (citing United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict.")).

There is an added risk when the cooperating witness is part of the same conspiracy to distribute narcotics as the defendant. Larson, 495 F.3d at 1105.

Testimony about the possible sentence Mr. Shigemoto may have faced before he was sentenced in 2015 is irrelevant and may mislead or confuse the jury, particularly here where Defendant and Mr. Shigemoto were members of the same conspiracy. See United States v. Brown, 788 F.3d 830, 833-84 (8th Cir. 2015) (finding that the district court properly limited the cross-examination of defendant's cooperating witness and did not permit questions concerning the witness's understanding of his own sentencing guidelines calculations).

Recently, in United States v. Rushin, 844 F.3d 933, 940

(11th Cir. 2016), the Eleventh Circuit Court of Appeals upheld limitations on the cross-examination of cooperating witnesses regarding their sentencing guidelines and mandatory minimum sentences. The appellate court explained:

> Due to the fact that the sentence range applicable to these witnesses would reveal the sentence range for defendants, the proposed additional examination could invite jury nullification....Moreover, not only would holding in defendants' favor limit the ability of district court judges to prevent prejudicial information from reaching the jury, but would likely lead to confusing and convoluted "mini-trials" on the issue of sentencing alone. For example, defendant wished to inquire about the sentencing guidelines, do guidelines calculations, discuss downward departures, and much more. The sentencing guidelines can be complex and at points confusing, even to members of the judiciary who have regular exposure to them. Attempting to explain such a Byzantine system to jurors, who will most often lack prior knowledge of the guidelines, would almost certainly be both time consuming and confusing, even if defense counsel had no desire to make it so.
>
> Id. at 939-40.

Here, discussion about potential sentences Mr. Shigemoto may have faced before pleading guilty may lead to jury nullification. Defendant may properly inquire with Mr. Shigemoto about the actual sentence he received and his motivation for testifying. The calculations and ranges of Mr. Shigemoto's possible sentence that he might have received in 2015 are inappropriate.

### 4. **Not Necessary For Jury's Credibility Assessment: Defendant Will Have Sufficient Opportunity To Cross-Examine Mr. Shigemoto About His Potential Bias To Allow The Jury To Assess His Credibility**

Numerous appellate courts have found that it is appropriate for district courts to limit cross-examination into the specific length of the witness's mandatory minimum sentence when the mandatory minimum sentence is other than life. United States v. Walley, 567 F.3d 354, 360 (8th Cir. 2009); United States v. Gradinariu, 283 Fed. Appx. 541, 543 (9th Cir. 2008) (finding no Confrontation Clause violation where the district court precluded defense counsel from cross-examining the witness regarding the mandatory minimum 15-year sentence where there was sufficient evidence for the jury to assess the witness's credibility).

The Seventh Circuit found that the district court may limit references to the potential mandatory minimum sentence a cooperating witness may face before sentencing. United States v. Trent, 863 F.3d 699, 704-06 (7th Cir. 2017) (finding the district court properly precluded references to the 20-year mandatory minimum and limited cross-examination of cooperating witnesses to whether the witnesses faced "substantial" sentences); see also United States v. Pressley, 654 Fed. Appx. 591, 592 (4th Cir. 2016) (per curiam) (finding the district court properly limited defense counsel from asking the co-conspirator about his actual sentence because there was sufficient inquiry into the co-

conspirator's motivation that he would receive a reduced sentence by testifying).

Defendant may ask Mr. Shigemoto the sentence he received and if he expects to receive a lesser sentence as a result of his cooperation.  Defendant may inquire with Mr. Shigemoto concerning his motivations for testifying at trial.  Such an inquiry provides the jury with a sufficient basis to assess the cooperating witness' credibility.  Rushin, 844 F.3d at 940.

## **CONCLUSION**

THE GOVERNMENT'S MOTION TO EXCLUDE CROSS EXAMINATION REGARDING POTENTIAL SENTENCE ORIGINALLY FACED BY COOPERATOR. (ECF No. 57) is **GRANTED**.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, October 5, 2018.



Helen Gillmor
United States District Judge